```
 1  ANDRÉ BIROTTE JR
    United States Attorney
 2  ANTOINE F. RAPHAEL
    Assistant United States Attorney
 3  Chief, Riverside Branch Office
    DANIEL ACKERMAN   (State Bar No. 215797)
 4  Assistant United States Attorney
         3880 Lemon Street, Suite 210
 5       Riverside, California 92501
         Telephone:  (951) 276-6098
 6       Facsimile:  (951) 276-6237
         Email: daniel.ackerman@usdoj.gov
 7
    Attorneys for Plaintiff
 8  United States of America
```

FILED
CLERK, U.S. DISTRICT COURT
APR 16 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. EDCR-08-00141-VAP |
|---|---|
| Plaintiff, | ) |
| | ) GOVERNMENT'S NOTICE OF REQUEST |
| v. | ) FOR DETENTION |
| DAVID GILMARTIN, | ) |
| Defendant. | ) |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

✗  1.  <u>Temporary 10-day Detention Requested (§ 3142(d))
        on the following grounds</u>:

___   a.  offense committed while defendant was on release
          pending (felony trial), (sentencing) (appeal) or
          on (probation) (parole);

___   b.  alien not lawfully admitted for permanent
          residence;

✗    c.  flight risk;

    [✗]  d.  danger to community.

[✗]  2.  <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure against</u>:

    [✗]  a.  danger to any other person or the community;

    [✗]  b.  flight.

___  3.  <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

    ___  a.  Defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

    ___  b.  Defendant cannot establish by clear and convincing evidence that he/she will not flee.

[✗]  4.  <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>:

    ___  a.  Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ___  b.  offense under 18 U.S.C. § 924C (firearm used/carried/possessed during/in relation to/in furtherance of crime), § 956(a), or § 2332b (presumption of danger to community and flight risk);

    \_\_\_\_  c.  offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

    \_\_\_\_  d.  defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, <u>AND</u> defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

5.  <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>:

    \_\_\_\_  a.  a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which

maximum sentence is 10 years' imprisonment or more;

____ b. an offense for which maximum sentence is life imprisonment or death;

____ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

____ d. instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

____ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

✗ f. serious risk defendant will flee;

____ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

✗ 6. Government requests continuance of ____ days for detention hearing under § 3142(f) and based upon the following reason(s):

```
 1  _____
 2  _____
 3  _____
 4
 5
 6  _____  7.  Good cause for continuance in excess of three days
 7              exists in that:
 8  _____
 9  _____
10  _____
11
12  DATED: APRIL 16, 2012.           Respectfully submitted,
13                                   ANDRÉ BIROTTE JR
                                     United States Attorney
14
                                     ANTOINE F. RAPHAEL
15                                   Assistant United States Attorney
                                     Chief, Riverside Office
16
                                          /s/
17                                   _____
                                     DANIEL ACKERMAN
18                                   Assistant United States Attorney
19                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
20
```